JACKSON, *ex dem.* KNAPP and HAIGHT, *against* BUDD and POOR.

EJECTMENT for 50 acres of land in Phillipstown, Putnam county; for 5 acres of which, Hannah Poor was let in to defend with Budd as her tenant.

land the judgments were liens. This land was sold on H.'s *fi. fa.* to K. for $20. P. redeemed from K., by paying the $20, and 10 per cent.; and after 15 months took a deed from the sheriff. K. insisting that P.'s redemption was not good, his (K.'s) intermediate judgment not being paid, the sheriff afterwards gave him a deed, and he brought ejectment against

ALBANY,
· Oct. 1827.
_____
Jackson
v.
Budd

[*659]

The case was as follows : ·

Samuel W. Bard was the owner of the premises in ques·
tion, when the judgments hereinafter mentioned were ob·
tained.   The lessors of the plaintiff have an undisputed
right to all the premises in question, under a mortgage
given by Bard to Haight, one of the lessors, except the
five acres.   To the five acres, the lessors claim title under
a deed executed by Peter Waring, former sheriff of Put·
nam county, to Frederick Knapp, the other lessor of the
plaintiff, bearing date the 13th day of December, 1821, in
pursuance of a sale made of the premises by Waring, the
sheriff, on the 24th day of August, 1820, to Knapp, for
the sum of 20 dollars, under an execution issued on a judg·
ment *obtained by William Haight against Bard in the
common pleas of Putnam county, on the 23d day of July,
1817.   On the 20th of February, 1820, Knapp also recov·
ered a judgment in the common pleas of Putnam county,
against Bard, of 500 dollars· and upwards.   On the 29th
of June, 1820, William Poor obtained a judgment in the
supreme court against Bard, for 400 dollars and upwards.
Execution upon this judgment, as well as the judgment of
Knapp, were issued and delivered to John Patterson, sheriff
of Putnam county, and were both in sheriff Patterson's
hands at the time the sale was made, as before stated by
Waring, the former sheriff.   No sale of the premises in
question was ever made by Patterson under these execu·
tions.   William Poor died some time in the year 1820,
after obtaining his judgment ; and Hannah Poor, the de·
fendant, became his administratrix.   After the expiration
of one year from the sale of the premises, Hannah, as ad·
ministratrix, paid Waring, the former sheriff, 20 dollars,
the sum at which the premises had been struck off to

P's tenant.   *Held*, that the second deed was void ; P.'s right having become perfect by
lapse of time.

   *Held*, that K. should have redeemed of P., which he might have done, on simply paying
the redemption money paid by P. ; and was not bound to pay P.'s judgment.

   A senior judgment creditor may redeem from a junior judgment creditor, who has re·
deemed from a sale on a judgment senior to both, without paying the youngest judgment.

   A junior judgment creditor may redeem from a sale on a senior judgment, without paying
intermediate judgments ; and if an intermediate judgment creditor suffer the 15 months to
elapse, without himself redeeming, his rights are gone.

ALBANY,
Oct. 1827.

Jackson
v.
Budd.

Knapp, with ten per cent interest; and at the expiration of 15 months from the sale, claimed a deed from the former sheriff, of the premises, as such redeeming creditor; and a deed was accordingly executed and delivered to her by the sheriff.

It was agreed that if, under the above facts, Knapp had title to the five acres under his deed from Waring, the former sheriff, than a general judgment should be rendered for the plaintiff; and if not, judgment should be rendered against Budd only, for the forty-five acres covered by the mortgage.

*W. Nelson*, for the plaintiff. Knapp, the lessor and purchaser at the sheriff's sale, stood, in relation to the other judgment creditors of Bard, as a redeeming creditor; and before the defendant, Poor, was entitled to a deed under the sheriff's sale to Knapp, or could acquire a title by it, as against the lessor, Knapp, she was bound also to have paid Knapp's judgment against Bard. (Law of 1820, sess. 43, ch. 184, p. 167, 168, s. 3. 1 Cowen. 428.)

* *Wm. Todd*, contra. One deed being given, the sheriff could not afterwards execute another. The right to redemption passed from Knapp by his delay. No attempt was made to redeem by him from Mrs. Poor, as a judgment creditor; nor indeed had he any right to redeem. To secure himself, he should' have bid the amount of the senior judgment and his own lien. (1 Cowen, 510, per Savage, Ch. J.) At any rate, it was only as a redeeming creditor, that he could claim payment of his judgment.; not as purchaser.

[*660]

*Nelson*, in reply. The remarks of the chief justice referred to by counsel, can apply only to a mortgagee, who has no right to redeem within the act. It would have been an idle ceremony for Knapp to pay the 20 dollars and redeem. To hold the land, Mrs. Poor must then have repaid the same money with Knapp's prior judgment. Why not hold directly that intermediate judgments shall be paid,

before a subsequent one can redeem from a sale under the senior judgment, and hold against the intermediate one? The contrary course will subvert the order of liens, which was not intended by the statute. (1 Cowen, 510.)

*Curia*, *per* WOODWORTH, J. (After stating the facts.) After the sale, junior judgment creditors had a right to redeem. Knapp, who held the judgment next in seniority to Haight, did not lose his right to redeem in consequence of his becoming a purchaser under Haight's judgment. He acquired a right, by the sale, to the title of the debtor, at the end of 15 months, if there was no redemption. He was, in this respect, placed in the same situation as any stranger would have been, who had happened to become a purchaser. Who might, or might not redeem, were questions entirely disconnected with the conditional right acquired by the purchase. That would become perfect, if a valid redemption should not be made. The right and manner of redeeming, is defined and prescribed in the 3d section of the statute of April 12th, 1820, (sess. 43, ch. 184;) and by that the parties must be governed. After a sale, any judgment creditor may redeem against the purchaser, *without reference to the priority of liens.(a) Poor, the junior judgment creditor, exercised this right; but it was liable to be defeated by a redemption under Knapp's judgment. The act expressly declares that any other creditor, having a decree or judgment, may redeem by paying the sum advanced by the first redeeming creditor, with 7 per cent. interest, and also satisfying any prior judgment which such creditor may have against the defendant. It follows, that when any redeeming creditor subsequent to the first, has a prior judgment, he is bound to pay the amount of the purchase only, with interest. It is only where the judgment of the subsequent redeeming creditor, is junior to the judgment of the preceding redeeming creditor, that he is bound to pay as well such judgment as the purchase money. Here Knapp had a prior judgment that was

[*661]

(a) *Vid Ex parte The Peru Iron Company*, ante, 540, S. P.

a lien; and was entitled to redeem the lands from Poor by paying the money advanced by him, and interest. It seems to me that no doubt could have arisen on this construction of the act, had it not been for a remark of the chief justice in *Van Rensselaer* v. *The Sheriff of Albany*, (1 Cowen, 510.) He there says, " If a junior creditor become a purchaser, though under a senior judgment, he must bid the amount of the older execution and of his own lien, if he intends to secure himself out of the property sold." That point, abstractly and broadly stated, was not before the court; but a mortgagee, who had purchased at the sheriff's sale, claimed the right to have his mortgage satisfied, which was intermediate the judgment under which the sale was made, and the judgment under which S. Van Rensselaer had redeemed. In reference to the right of the mortgagee, the remark was well founded; and probably was intended to apply to such a case only; for the court held that the mortgagee, not having a judgment or decree, and not being a grantee within the act, could not redeem. They did not put their decision on the fact that the mortgagee was the purchaser under the judgment.

*Upon this view, I have no doubt of Knapp's right to redeem. [*662]

But he omitted to avail himself of this right; and thereby permitted the redemption of the junior judgment creditor to take effect. On the facts before us, therefore, it appears that the sheriff had no authority to execute a deed to Knapp.

Judgment must be rendered for the defendants as to the 5 acres; and for the plaintiff as to the residue, according to the stipulation in the case.